STEVAN C. ADELMAN, ESQ., SBN 56413
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, California 95110
Telephone: (408) 292-1765
Facsimile: (408) 436-8272
Email: sca@millermorton.com

Attorneys for Defendant
DUFFY & GUENTHER, LLP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>    JAVIER R. GUZMAN<br>    TOSHA F. DJIRBANDEE-RAMOS<br><br>    Debtors.<br>_____<br>JAVIER R. GUZMAN and TOSHA F. DJIRBANDEE-RAMOS,<br><br>    Plaintiffs,<br>  vs.<br><br>DUFFY & GUENTHER, LLP; RICK PINCH; FRANK O'CONNELL; and LEIGH RODRIGUEZ,<br><br>    Defendants.<br>_____ | Case No. 05-51833<br><br>Chapter 13<br><br>Adversary Proc. No. 08-05133 -CN<br><br>**DEFENDANT DUFFY & GUENTHER LLP'S POST-TRIAL BRIEF**<br><br><u>Trial Information</u>:<br><br>Date: October 27, 2010<br>Dept: 3070<br>Judge: Hon. Charles Novack |

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. PAYMENT TO AN ATTORNEY FOR REPRESENTATION IN A PENDING CASE IS NOT A FRAUDULENT TRANSFER............................................................................. 1

III. PLAINTIFFS' FRAUDULENT TRANSFER CAUSE OF ACTION IS PRECLUDED BY THE ABSOLUTE LITIGATION PRIVILEGE IN CIVIL CODE § 47(b). ................ 3

    A. Pinch's Discovery Responses Cannot Be Admitted as Evidence of Intent to Defraud, Hinder or Delay Without Violating the Litigation Privilege. .................. 3

    B. The Litigation Privilege Applies to, and Can Be Invoked by, Attorneys as Well as Clients. ............................................................................................... 7

IV. EVEN IF THE LITIGATION PRIVILEGE DOES NOT APPLY, THE PLEADINGS FILED BY DUFFY & GUENTHER WERE ACCURATE AND DO NOT DEMONSTRATE FRAUDULENT INTENT. ................................................................ 8

V. CONCLUSION ................................................................................................................ 9

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

i

**DEFENDANT DUFFY & GUENTHER LLP'S POST-TRIAL BRIEF**

Bankruptcy No. 05-51833
Chapter 13
Adversary No. 08-05133-CN

# TABLE OF AUTHORITIES

**Cases**

*Action Apartment Ass'n., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232 .......................... 5, 6

*Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 529 ............................................................. 5

*Flores v. Emerich & Fike* (E.D. Cal. 2006) 416 F.Supp.2d 885.................................................. 2, 9

*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360.................................................. 6

*Hibernia Sav. & Loan Soc. v. Belcher* (1935) 4 Cal.2d 268, 274 ................................................... 3

*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948 ............................................................. 5, 6, 7

*Kashian v. Harriman* (2002) 98 Cal.App.4th 892 ................................................................... 5, 6, 9

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma* (1986) 42 Cal.3d 1157 ... 5, 6

*Parkinson Bros. Co. v. Figel* (1914) 24 Cal.App. 701, 712........................................................... 3

*Pettitt v. Levy* (1972) 28 Cal.App.3d 484, 489............................................................................. 5

*Rubin v. Green* (1993) 4 Cal.4th 1187, 1193-1194................................................................... 5, 7

*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1063............................................................... passim

*Silberg v. Anderson* (1990) 50 Cal.3d 205 ............................................................................... 4, 5

*United States Fidelity & Guaranty Co. v. Postel* (1944) 64 Cal.App.2d 567, 574 ........................ 3

*Wyzard v. Goller* (1994) 23 Cal.App.4th 1183 ...................................................................... 2, 3, 9

**Statutes**

Civil Code § 47(a)........................................................................................................................ 5

Civil Code § 47(b)........................................................................................................... 1, 4, 5, 6

Civil Code § 3431 ........................................................................................................................ 2

Civil Code § 3432 ........................................................................................................................ 2

Civil Code § 3439.04 ................................................................................................................. 11

Civil Code § 3439.04(a)(1) .......................................................................................................... 1

Code of Civil Procedure § 486.060(b)(4) .................................................................................... 2

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

Case: 08-05133   Doc# 143   Filed: 11/10/10   Entered: 11/10/10 15:16:19   Page 3 of 12

## I. INTRODUCTION

At the conclusion of the trial in this adversary proceeding, the Court requested additional briefing on the following issues:

1) May the documents submitted by Plaintiffs consisting of Defendant Pinch's responses to Plaintiffs discovery requests concerning his financial condition be admitted into evidence for the purpose of proving Mr. Pinch's intent to hinder, delay or defraud Plaintiffs from collecting their eventual judgment against him, or does the litigation privilege of California Civil Code section 47(b) bar the use of those documents for that purpose:

2) Who can assert the litigation privilege of California Civil Code section 47(b)? The client, the attorney, or both?

Before these two specific issues are addressed, Defendant Duffy & Guenther LLP ("D&G") request that the Court consider the issue of whether the payment by Rick Pinch to D&G for the purpose of representing him in the damages phase of the State court case is not a fraudulent transfer as a matter of law. If the answer is in the affirmative, then the issues of whether the litigation privilege prohibits introduction of discovery responses to show intent, and who can assert the litigation privilege, will be academic.

## II. PAYMENT TO AN ATTORNEY FOR REPRESENTATION IN A PENDING CASE IS NOT A FRAUDULENT TRANSFER.

At trial, the Court sustained defendants' objection to admissibility of attorney-client privileged material. In determining that the crime-fraud exception did not apply, the Court found that plaintiffs had not demonstrated independent evidence of intent to defraud. Accordingly, plaintiffs have not met their burden of proof to show that payment by a defendant to his lawyers to defend against plaintiffs' litigation constitutes a transfer made with "actual intent to . . . defraud any creditor of the debtor." (Civ. Code § 3439.04(a)(1).)

Both statutory and case law authority compel the conclusion that a client's bona fide payment to his attorneys for legal representation is not a fraudulent transfer as a matter of law. The California Legislature has provided that a debtor may contract with other creditors, so long as there is not a lien on the property affected by the contract. "In the absence of fraud every

1

DEFENDANT DUFFY & GUENTHER LLP'S
POST-TRIAL BRIEF

Bankruptcy No. 05-51833
Chapter 13
Adversary No. 08-05133-CN

contract of a debtor is valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract." (Civ. Code § 3431.) Similarly, "[a] debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another." (Civ.Code § 3432.) Plaintiffs have failed to demonstrate any reason why Civil Code sections 3431 and 3432 do not control in this case.

Where the existing or subsequent creditor is an attorney and the debtor is a client, the Legislature has manifested an unequivocal intent to allow the client to pay for legal services, even if otherwise restrained from using funds available to him. For example, in a case where a Right to Attach Order is sought and a Temporary Protective Order issues restraining a defendant from disbursing funds pending a hearing on the Application for the Right to Attach, the Legislature specifically permits the defendant to pay attorneys' fees for his defense[1], notwithstanding the issuance of the Temporary Protective Order.

As for the case law on the issue, Plaintiffs' fraudulent transfer theory is precluded under *Wyzard v. Goller* (1994) 23 Cal.App.4th 1183 and *Flores v. Emerich & Fike* (E.D. Cal. 2006) 416 F.Supp.2d 885[2], which are factually indistinguishable from this case. The words of the *Flores v. Emerich* court could not be clearer: "Plaintiffs assertion that the [attorney defendants] committed fraud by accepting payment for services rendered is not legally cognizable." (*Id.* at 909.)

Similarly, from *Wyzard v. Goller*:

> "An encumbrance by a debtor to an attorney, made for value in the form of an antecedent obligation for legal services, is not fraudulent as to another creditor, under applicable provisions of the

---

[1] Code of Civil Procedure § 486.060(b)(4) provides:
"Notwithstanding any terms of the temporary protective order, the defendant may issue any number of checks against any of the defendant's accounts in a financial institution in this state to the extent permitted by this section.

(b) The defendant may issue any number of checks in any amount for the following purposes: …
. . .
(4) Payment of reasonable legal fees and reasonable costs and expenses required for the representation of the defendant in the action." (Code Civ. Proc. § 486.060(b)(4).)

[2] These cases are discussed in detail in Duffy & Guenther's trial brief (Duffy & Guenther Trial Brief, pp. 10-11).

2

| **DEFENDANT DUFFY & GUENTHER LLP'S** | Bankruptcy No. 05-51833 |
| **POST-TRIAL BRIEF** | Chapter 13 |
| | Adversary No. 08-05133-CN |

Uniform Fraudulent Transfer Act, and this is true even though the transfer was a preference that resulted in the debtor being unable to satisfy debts of other creditors. . . . " (*Id.* at 1185.)

In addition, there are a host of other cases which hold that it is not a fraudulent transfer for a client to transfer money to his attorney for legal representation. (*Parkinson Bros. Co. v. Figel* (1914) 24 Cal.App. 701, 712; *Hibernia Sav. & Loan Soc. v. Belcher* (1935) 4 Cal.2d 268, 274; *United States Fidelity & Guaranty Co. v. Postel* (1944) 64 Cal.App.2d 567, 574.)

The California Supreme Court has held that an assignment of accrued rents by an insolvent corporation to its attorney for legal services is not subject to attack by another creditor on the ground that it was given without consideration and was fraudulent. (*Hibernia Sav. & Loan Soc. v. Belcher, supra,* 4 Cal.2d 268, 274.) Similarly, a debtor, though insolvent, may prefer to pay an attorney for representing him in previous litigation instead of paying an outstanding judgment. (*United States Fidelity & Guaranty Co. v. Postel, supra*, 64 Cal App 2d 567,574.)

These cases are unequivocal and controlling. A payment by a defendant to his counsel for legal representation is not a fraudulent transfer. Were the law otherwise, any plaintiff who filed a complaint for money against any defendant would effectively be able to prevent a defendant from retaining counsel by threatening a fraudulent transfer cause of action against defendant's counsel to recoup payments made for representing defendant, if plaintiff subsequently prevailed. The resultant chilling effect on the attorney-client relationship cannot be rationalized on any level, and is clearly violative of public policy as well as the Constitutional right to counsel. Thus, regardless of the issues involving the scope of the litigation privilege and the right of D&G to invoke it, D&G is entitled to judgment in its favor as a matter of law.

III. **PLAINTIFFS' FRAUDULENT TRANSFER CAUSE OF ACTION IS PRECLUDED BY THE ABSOLUTE LITIGATION PRIVILEGE IN CIVIL CODE § 47(B).**

   A. **Pinch's Discovery Responses Cannot Be Admitted as Evidence of Intent to Defraud, Hinder or Delay Without Violating the Litigation Privilege.**

The gravamen of Plaintiffs' fraudulent transfer cause of action is their allegation that discovery responses provided by Pinch through his attorneys in the State court action were

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

3

**DEFENDANT DUFFY & GUENTHER LLP'S
POST-TRIAL BRIEF**

Bankruptcy No. 05-51833
Chapter 13
Adversary No. 08-05133-CN

inaccurate or misleading because they allegedly concealed the sale of the Cooper Subdivision from plaintiffs[3]. (Adversary Complaint, ¶¶ 16-21.) Thus, the fraudulent conveyance cause of action alleges: "PINCH concealed the Cooper Subdivision sale from debtors and the courts in order to prevent debtors from satisfying their fraud recovery from the Cooper Subdivision sale proceeds." (Adversary Complaint, Third Cause of Action, ¶ 32, p. 7.)

As Judge Morgan has already held in this case, documents filed in the previous state court case are subject to the absolute litigation privilege in California Civil Code section 47(b)[4]. (Order on Motion to Dismiss, February 9, 2009.) The Court went on to find that discovery pleadings were "communicative in nature", and that the litigation privilege was a "complete defense to the unfair competition claim that is currently before [the Court]." (*Id.*, at p.11.) The litigation privilege is also a complete defense to the fraudulent transfer claim as it is predicated upon the discovery pleadings filed in the previous action.

The California Supreme Court has, time and time again, emphatically stated that pleadings or statements made in an earlier litigation are inadmissible and are privileged under the absolute litigation privilege of Civil Code sections 47(a) and 47(b). As the California Supreme Court has noted, "modern public policy seeks to encourage free access to the courts and finality of judgments by limiting derivative tort claims arising out of litigation-related misconduct and by favoring sanctions within the original lawsuit. [citations omitted]." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1063.)

In *Silberg v. Anderson* (1990) 50 Cal.3d 205, the California Supreme Court explained

---

[3] Defendant Duffy & Guenther vigorously disputes this allegation. See discussion, *infra*, at p. 10.

[4] As the Court noted in its written order:
"The litigation privilege is codified in § 47 of the California Civil Code, which provides that a publication or broadcast is privileged if it is made in the "proper discharge of an official duty," in any "judicial proceeding" or in "any other official proceeding authorized by law." Cal Civ. Code § 47(a) and (b). It applies against all torts except malicious prosecution. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006). In appropriate circumstances, it also precludes claims for unfair competition. *See Rubin*, 4 Cal. 4th at 1200-03. It is absolute in nature and is broadly applied. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 and 215 (1990). It protects any communication 1) in the course of a judicial or official proceeding; 2) by authorized participants in the proceeding; 3) to achieve the objectives of the proceedings; and 4) that has some logical relation to the proceeding. *Id.* at 212. Even if the communication occurs outside of the courtroom and no function of the court or its officers is involved, the communication will be privileged if the above standard is satisfied. *Id.*" (Order re Motion to Dismiss, February 9, 2009, pp. 9-11.)

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

4

**DEFENDANT DUFFY & GUENTHER LLP'S
POST-TRIAL BRIEF**

Bankruptcy No. 05-51833
Chapter 13
Adversary No. 08-05133-CN

that section 47(b) was "the backbone to an effective and smoothly operating judicial system.".) (*Id.* at 205, 215.) The Supreme Court explained that "[t]he principal purpose of section [47(b)] is to afford litigants and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Id.*, at 213.) Thus, according to the *Silberg* Court, "[t]o effectuate its vital purposes, the litigation privilege is held to be absolute in nature." (*Id.* at 215.) Moreover, in light of the absolute nature of the privilege, "[A]ny doubt as to whether the privilege applies is resolved in favor of applying it." (*Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 529.)

Thus section 47(b) provides an absolute privilege for any "publication or broadcast" made in any judicial proceeding. California courts have given this privilege an "expansive reach." (*Rubin v. Green* (1993) 4 Cal.4th 1187, 1193-1194.) It extends to any communication that bears "some relation to any ongoing or anticipated lawsuit." (*Id.,* at 1194.) The privilege also extends to a wide range of causes of action . . . ." (*Id.*) Notably, the section 47(b) litigation privilege applies to claims of fraud. (*Pettitt v. Levy* (1972) 28 Cal.App.3d 484, 489.)

*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, was decided prior to the Supreme Court's expansion of the scope of the litigation privilege in *Rusheen, supra,* and *Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948 and is distinguishable on several bases. *Kashian* involved a claim for defamation by a member of a hospital board based upon a letter sent by an attorney to the Attorney General and the hospital regarding the board member's business dealings. *Kashian* went on to state that a statement privileged under the litigation privilege may nevertheless be admitted to show state of mind, i.e., intent to defame, relying upon an older California Supreme Court case of *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma* (1986) 42 Cal.3d 1157, *Kashian v. Harriman, supra,* 98 Cal.App.4th 892, 930. However, this narrow exception to the bar of the litigation privilege was overruled, at least implicitly, by the California Supreme Court in *Action Apartment Ass'n., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, where, in deciding that malicious publications were protected by the litigation privilege, it noted:

//

5

DEFENDANT DUFFY & GUENTHER LLP'S
POST-TRIAL BRIEF

Bankruptcy No. 05-51833
Chapter 13
Adversary No. 08-05133-CN

> "[W]hen there is a good faith intention to bring a suit, even malicious publications "are protected as part of the price paid for affording litigants the utmost freedom of access to the courts." (*Id.* at 1244.)

Because malicious publications in litigation are privileged, an evidentiary showing that a publication was made with malicious intent is subsumed by the privilege. Using the language of *Rusheen*, if the "gravamen" of the defamation cause of action was publication with intent to defame, under *Rusheen,* the defamation cause of action in *Kashian* would be dismissed today as a matter of law because the cause of action was necessarily based upon a privileged communication. The fact that this case involves a claim for fraudulent conveyance, rather than defamation/malicious publication, makes no difference; the broad scope of the litigation privilege extends to all tort actions, except for malicious prosecution. *Rusheen, supra.*

Moreover, *Kashian* relied upon an older California Supreme Court case of *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, supra,* 42 Cal.3d 1157, which long predated *Rusheen* and its progeny. In *Oren*, decided almost twenty (20) years before the landmark *Rusheen* and *Jacob B* decisions, the Court held that statements during settlement negotiations in a prior case could be used to support an abuse of process claim in a subsequent case. (*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, supra,.* at 1168.) At that time, it was unclear whether the litigation privilege extended to abuse of process claims, and the Court did not reach that issue. (*Id.* at 1167.) However, as *Rusheen* has now made clear, the absolute litigation privilege unquestionably extends to abuse of process cases, which impliedly overruled the result in *Oren.*

While originally the litigation privilege was thought to apply principally to defamation cases, in a series of decisions in 2004 - 2007 the California Supreme Court made it clear that the litigation privilege bars later tort actions which are based upon actions which took place in the first case, including abuse of process cases. (*Rusheen v. Cohen, supra*, 37 Cal.4th at 1057; *Jacob B. v. County of Shasta, supra,* 40 Cal.4th 948; *Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360.) Thus, the Supreme Court in *Jacob B. v. County of Shasta, supra,* 40 Cal.4th 948 emphasized:

//

6

**DEFENDANT DUFFY & GUENTHER LLP'S**
**POST-TRIAL BRIEF**

Bankruptcy No. 05-51833
Chapter 13
Adversary No. 08-05133-CN

> "We have repeatedly stated that the litigation privilege bars *all* tort causes of action except malicious prosecution. (*E.g., Rusheen v. Cohen, supra*, 37 Cal.4th at p. 1057; *Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360.)" (emphasis supplied) (*Id.* at 1011.)

Significantly for purposes of this case, the California Supreme Court in *Rusheen v. Cohen*, *supra,* 37 Cal.4th 1048, also stated that the *funding* of litigation was a privileged, communicative act to which the litigation privilege applied:

> "'Any act' includes communicative conduct such as the filing, **funding,** and prosecution of a civil action. (citation omitted) This includes qualifying acts committed by attorneys in representing clients in litigation. (citations omitted) *Id.* at 1048, 1056 (emphasis supplied)

Thus, if the gravamen of the fraudulent transfer cause of action is based upon either pleadings filed in the state court action or upon the funding of the defense in the state court action, the litigation privilege may be asserted to bar that cause of action as a matter of law.

It is clear from the foregoing that neither the pleadings filed by the attorneys in the State court action, nor the discovery responses they prepared on behalf of their client in that action, can be used in this adversary proceeding as the predicate for a subsequent fraudulent transfer claim for any purpose, including the showing of an alleged intent to hinder, delay or defraud.

B. **The Litigation Privilege Applies to, and Can Be Invoked by, Attorneys as Well as Clients.**

California case law clearly shows that the litigation privilege applies to attorneys as well as parties. Thus, in *Rusheen v. Cohen*, *supra,* 37 Cal.4$^{th}$1048, the California Supreme Court considered an action against attorneys for abuse of process, based upon supposedly false or inaccurate filings <u>by the attorney</u> in a prior judgment enforcement action. The plaintiff contended that the attorney had executed a false declaration of service in order to obtain a writ of execution. The Supreme Court held that the pleadings were privileged in the subsequent tort action against the attorneys, noting: "[C]ommunications with 'some relation' to judicial proceedings" are "absolutely immune from tort liability" by the litigation privilege (*Rubin v. Green, supra,* 4 Cal.4th 1187, 1193; *Rusheen v. Cohen, supra,* 37 Cal.4th 1048, 1057.) The Court

7

**DEFENDANT DUFFY & GUENTHER LLP'S**
**POST-TRIAL BRIEF**

Bankruptcy No. 05-51833
Chapter 13
Adversary No. 08-05133-CN

Case: 08-05133   Doc# 143   Filed: 11/10/10   Entered: 11/10/10 15:16:19   Page 10 of 12

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

also stated that such communications included "qualifying acts committed by attorneys in representing clients in litigation." *Id.* at 1056)

### IV. EVEN IF THE LITIGATION PRIVILEGE DOES NOT APPLY, THE PLEADINGS FILED BY DUFFY & GUENTHER WERE ACCURATE AND DO NOT DEMONSTRATE FRAUDULENT INTENT.

Even if the discovery responses prepared by Duffy & Guenther in the State court action were admissible, they are not helpful in satisfying plaintiffs' burden of proof because the discovery responses accurately disclosed the sale of the Cooper Subdivision when it occurred. After the sale was disclosed, plaintiffs took no action in the state court to set aside the sale or to extend the preliminary injunction to attach the proceeds from the sale.

The evidence in this case shows that the Cooper Subdivision did not sell until June 15, 2006, when escrow closed. (Exhibit 22, HR00053) On June 21, 2006, defendant Pinch supplemented his responses to interrogatories, and disclosed the sale of the Cooper Subdivision (["The Rick H. Pinch Revocable Living Trust corpus consisted of real property known as 1769 South Fork Road, Cody WY, and the Cooper Mobile Home Subdivision, LLC. Both of these properties were sold by defendant."] Further Supplemental Responses to Special Interrogatories, June 21, 2006, Interrogatory No. 31, Exhibit 19.)

As the evidence demonstrates, there was no injunction against sale of the Cooper Subdivision at that time and, in fact, the state court had declined to extend the injunction to the Cooper Subdivision.[5] Even though Mr. Richard Rosenthal, Plaintiffs then-counsel, knew as of June 22, 2006, the date that the Further Supplemental Responses to Special Interrogatories was hand-delivered to him (see Proof of Service on Exhibit 19), that the Cooper Subdivision had been sold, Plaintiffs took no action at that time to set aside the sale, to enjoin the use of proceeds from the sale, or to attach the proceeds from the sale.

Thus, even if the discovery responses provided by Pinch were admissible, they do not support a finding of fraudulent transfer under Civil Code section 3439.04.

---

[5] Even had an injunction been granted, it is not clear that it would have been effective for any purpose, given that the property was located in Wyoming, and was sold by Cooper Subdivision, LLC, and not Rick Pinch individually.

8

**DEFENDANT DUFFY & GUENTHER LLP'S POST-TRIAL BRIEF**

Bankruptcy No. 05-51833
Chapter 13
Adversary No. 08-05133-CN

## V. CONCLUSION

In sum, it is not a fraudulent transfer when a defendant sued for fraud pays an attorney to represent him. There is no meaningful difference between this case and *Wyzard v. Goller* and *Flores v. Emerich,* both of which hold that a fraudulent transfer claim cannot be made out on these facts.

Second, it is clear from *Rusheen* and the cases cited therein that the litigation privilege in California can no longer be narrowly construed to allow otherwise privileged communications to be offered as evidence of intent to defraud. Even if *Kashian* has not been expressly overruled, it can no longer be relied upon to limit the scope of the litigation privilege by permitting otherwise protected communications to be offered into evidence for the purpose of showing intent.

Third, *Rusheen* is dispositive on the proposition that the attorney, as well as the client, may invoke the litigation privilege to bar evidence of the attorney's communicative acts.

Based on the foregoing, plaintiffs have failed to carry their burden of proof. This case should be dismissed and judgment entered for defendants forthwith.

Respectfully submitted,

Dated: November 10, 2010    MILLER, MORTON, CAILLAT & NEVIS, LLP

By: */s/ Stevan C. Adelman*
STEVAN C. ADELMAN
Attorneys for Defendant
DUFFY & GUENTHER, LLP